**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LISA HOGAN,

        Appellant,

    v.

DEPARTMENT OF DEFENSE,

        Agency.

DOCKET NUMBER
DC-3443-22-0522-I-1

DATE: April 16, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Lisa Hogan, Waldorf, Maryland, pro se.

Jonathan Tyler Baldwin, Esquire, Quantico, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal with prejudice based on her request for dismissal of the appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

By letter dated August 24, 2022, the appellant requested that the administrative judge dismiss her appeal so that she could pursue her case in another forum.  Initial Appeal File (IAF), Tab 5 at 2.  The administrative judge issued an order notifying the appellant of the consequences of her request for dismissal and giving her until October 18, 2022, to rescind her request.  IAF, Tab 6 at 1.  On October 18, 2022, the administrative judge issued an initial decision dismissing the appeal with prejudice based on the appellant's request for dismissal.  IAF, Tab 7, Initial Decision at 1.  Later that day, the appellant submitted a pleading rescinding her request for dismissal and requesting to keep her case open.  Petition for Review (PFR) File, Tab 1 at 3-4.  She attached numerous documents to her pleading.  *Id.* at 5-12.  The Office of the Clerk of the Board docketed the pleading as a petition for review of the initial decision.  *Id.* The agency has filed a response requesting that the appeal be dismissed for lack of jurisdiction.  PFR File, Tab 3 at 3-10.

The relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action.  *Appell v. U.S. Postal Service*, 69 M.S.P.R. 363, 365 (1996).  Because the appellant took timely and effective action to rescind her request for dismissal by filing a request to rescind the request during the time period permitted by the administrative judge's order, we find that her appeal must be reinstated for processing.  *See Hoke v. U.S. Postal Service*, 51 M.S.P.R. 362, 364 (1991).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.  Because the appellant has alleged that she engaged in whistleblowing activity, IAF, Tab 1 at 5, on remand, the administrative judge shall provide the appellant with notice

of the burdens and methods of proof for establishing jurisdiction over an individual right of action appeal.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.